**SHOOK**
HARDY & BACON

September 2, 2025

Michael E. Rayfield

Honorable Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

1 Rockefeller Plaza
Suite 2801
New York, NY 10020
**t** 212-989-8844
**d** 212.779.6110
**f** 929-501-5455
mrayfield@shb.com

Re:   TaskUs's response to Coinbase's motion to coordinate
      *Estrada v. TaskUs, Inc.*, 1:25-cv-4409, with
      *In re Coinbase Customer Data Security Breach Litigation*, 25-md-3153

Dear Judge Ramos:

      TaskUs opposes Coinbase's motion for coordination of the *Estrada* and *Coinbase* matters. Coinbase is not a party in the *Estrada* action; TaskUs is not a party in the cases in the *Coinbase* MDL; and both parties in *Estrada* object to consolidation. Coinbase should not be allowed to substitute its own preferences for those of the *Estrada* parties. That would be unfair and unnecessary.

      As an initial matter, Coinbase has not even specified the relief it is seeking. It asks for "formal coordination within the MDL," but it does not explain what that means—apart from the fact that *Estrada* filings would be posted on the MDL docket, and that this coordination would not require Mr. Estrada to join a consolidated complaint. At a meet-and-confer on August 22, Coinbase declined Mr. Estrada's request to craft a proposed order specifying the form of coordination that Coinbase is envisioning. Nor did it explain why it was necessary for *Estrada* filings to appear on the docket of a different case.

      In light of the generality of its request, Coinbase is effectively seeking to include *Estrada* in the MDL. On that point, TaskUs incorporates by reference the opposition to transfer and consolidation that it filed with the JPML (Ex. A). That brief explains why *Estrada*'s unique parties and facts make it unfit for formal coordination or consolidation.

      Among other things, TaskUs has defenses that will not be at issue in the MDL: whether Mr. Estrada can plausibly link TaskUs to any injury he has suffered, and whether TaskUs owes a legal duty to Coinbase's customers. Notably, Coinbase's letter omits the fact that it had vendors other than TaskUs, and that Coinbase employees were involved in the data breach. There is no particular reason to believe that *Estrada* and *Coinbase* will take similar paths.



September 2, 2025
Page 2

      Coinbase's motion is also procedurally improper. It asks the Court to order coordination under 28 U.S.C. § 1407(a). But that provision applies only "[w]hen civil actions involving one or more common questions of fact are *pending in different districts*." *Id.* (emphasis added). Both *Estrada* and the MDL are pending before this Court. In any event, Section 1407(a) allows only the JPML to make transfers under that provision. *Id.* ("Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section.").

      When it comes to coordination, we respectfully submit that the Court should give more weight to the views of the *Estrada* parties than to those of a non-party. The *Estrada* parties should not be forced to incur additional expenses—and a delay in their proceedings—because of a separate lawsuit.

Best,

/s/ Michael Rayfield

Michael Rayfield