UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON ESTRADA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>TASKUS, INC.,<br><br>   Defendant. | Case No. 1:25-cv-04409-ER<br><br>Oral argument requested |

**TASKUS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Matthew C. Wolfe (*pro hac vice*)
Maveric Ray Searle (*pro hac vice*)
Andrew L. Franklin (*pro hac vice*)
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
(312) 704-7700
mwolfe@shb.com
msearle@shb.com
afranklin@shb.com

Michael Rayfield
SHOOK, HARDY & BACON LLP
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
(212) 779-6110
mrayfield@shb.com

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARD........................................................................................................... 3

ARGUMENT........................................................................................................................ 3

I.      Estrada Has Not Plausibly Linked Any Injury To TaskUs.................................... 3

II.     Estrada Has Not Alleged The Other Individual Elements Of His Claims. .......................... 5

        A.     Estrada Has Failed To State A Negligence Claim. ................................... 5

        B.     Estrada Has Failed To State A Negligence *Per Se* Claim. ..................... 6

        C.     Estrada Has Failed To State A Claim For Breach of Implied Contract................... 7

        D.     Estrada Has Failed To State A Claim For Unjust Enrichment. ............................. 7

        E.     Estrada Has No Standalone Claim For Declaratory And Injunctive Relief............ 8

        F.     Estrada Has Failed To State A Claim For Unfair Competition. ............................. 9

        G.     Estrada Has Failed To State A Claim For Violation Of The California Consumer Privacy Act. ....................................................................................... 10

CONCLUSION................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Alfred Dunhill, Ltd. v. Interstate Cigar Co.*,
  499 F.2d 232 (2d Cir. 1974)...................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................3

*Bowens v. Atl. Maint. Corp.*,
  546 F. Supp. 2d 55 (E.D.N.Y. 2008) ....................................................................10

*Chevron Corp. v. Naranjo*,
  667 F.3d 232 (2d Cir. 2012)...................................................................................8

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y.3d 777 (2024) ............................................................................................8

*Gordon v. Dino de Laurentis Corp.*,
  141 A.D.2d 435 (1st Dep't 1988) ...........................................................................4

*Griffey v. Magellan Health Inc.*,
  562 F. Supp. 3d 34 (D. Ariz. 2021) ......................................................................11

*Hamilton v. Beretta U.S.A. Corp.*,
  96 N.Y.2d 222 (2001) ............................................................................................6

*Hammond v. The Bank of New York Mellon Corp.*,
  2010 WL 2643307 (S.D.N.Y. June 25, 2010) ...............................................5, 6, 7

*In re Canon U.S.A. Data Breach Litig.*,
  2022 WL 22248656 (E.D.N.Y. Mar. 15, 2022).....................................................10

*In re GE/CBPS Data Breach Litig.*,
  2021 WL 3406374 (S.D.N.Y. Aug. 4, 2021)..........................................................6

*In re Supervalu, Inc.*,
  925 F.3d 955 (8th Cir. 2019) ..............................................................................6, 8

*J.R. v. Walgreens Boots Alliance, Inc.*,
  2021 WL 4859603 (4th Cir. Oct. 19, 2021)...........................................................7

*LFG Nat'l Cap., LLC v. Gary, Williams, Finney, Lewis, Watson, & Sperando P.L.*,
  874 F. Supp. 2d 108 (N.D.N.Y. 2012)....................................................................9

*Longenecker-Wells v. Benecard Serv. Inc.*,
  658 F. App'x 659 (3d Cir. 2016) ............................................................................7

*Maag v. U.S. Bank*,
  2021 WL 5605278 (S.D. Cal. Apr. 8, 2021)..................................................................11

*Quinalty v. FocusIT LLC*,
  2024 WL 342454 (D. Ariz. Jan. 30, 2024) ....................................................................6

*Resnick v. AvMed, Inc.*,
  693 F.3d 1317 (11th Cir. 2012) ....................................................................................4

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
  893 F. Supp. 285 (S.D.N.Y. 1995)................................................................................9

*Robbins v. Banner Indus., Inc.*,
  285 F. Supp. 758 (S.D.N.Y. 1966)................................................................................9

*Sackin v. TransPerfect Glob., Inc.*,
  278 F. Supp. 3d 739 (S.D.N.Y. 2017)...........................................................................7

*Scott v. Bell Atl. Corp.*,
  282 A.D.2d 180 (1st Dep't 2001) .................................................................................4

*Solomon v. City of N.Y.*,
  66 N.Y.2d 1026 (1985).............................................................................................3, 5

*Spectre Air Cap., LLC v. WWTAI AirOpCo II DAC*,
  737 F. Supp. 3d 195 (S.D.N.Y. 2024)...........................................................................9

*Strothers v. Prosper Marketplace, Inc.*,
  2024 WL 5661356 (N.D. Ga. Oct. 23, 2024),
  *report and recommendation adopted,* 2024 WL 5662507
  (N.D. Ga. Nov. 13, 2024)............................................................................................10

*Sullivan v. Oracle Corp.*,
  51 Cal. 4th 1191 (2011) ..............................................................................................10

*Toretto v. Donnelley Fin. Sols., Inc.*,
  583 F. Supp. 3d 570 (S.D.N.Y. 2022)...........................................................4, 8, 9, 10

*Weekes v. Cohen Cleary P.C.*,
  723 F. Supp. 3d 97 (D. Mass. 2024) .............................................................................7

**Statutes**

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

## INTRODUCTION

TaskUs, Inc. provided outsourcing services to Coinbase, a cryptocurrency exchange. Nelson Estrada is a Coinbase customer who has no relationship with TaskUs. He nonetheless wants to hold TaskUs liable for a Coinbase data breach that allegedly involved his customer information. The Court should dismiss Estrada's complaint under Rule 12(b)(6).

On May 14, 2025, Coinbase publicly announced that third-party criminal actors had bribed a group of "rogue overseas support agents" to steal the customer data of Coinbase users. Estrada alleges that Coinbase later notified him that the criminal actors gained access to data from his own account. He claims that these actors now have several categories of his "personally identifiable information" ("PII"), including his name, social security number, and banking information.

Estrada did not sue Coinbase. Instead, he claims that because Coinbase is a TaskUs client, and because TaskUs allegedly terminated some of its overseas employees around the time Coinbase learned of the breach, TaskUs must be responsible for the incident. He makes this claim despite recognizing that Coinbase receives customer support from companies other than TaskUs, and that TaskUs provides customer support to companies other than Coinbase. Estrada asserts seven causes of action, six on behalf of a putative nationwide class and one on behalf of a putative California subclass (although he resides in Florida).

Each claim is independently flawed, but there is a broad problem that cuts across all claims. Estrada has not sufficiently alleged that TaskUs had—or breached—any legal duty to safeguard his data from third-party theft, nor has he plausibly linked TaskUs to any injury he suffered. TaskUs was working for Coinbase; it did not owe any duty to Coinbase customers. And Estrada has no basis to believe that TaskUs ever possessed the data at issue, much less that TaskUs was the cause of any disclosure to third parties. The Court should dismiss all of Estrada's claims.

1

## BACKGROUND

Coinbase is a multinational company that operates a cryptocurrency exchange. Compl. (Dkt. 1) ¶ 4. TaskUs is a business process outsourcing company ("BPO") headquartered in New Braunfels, Texas. *Id*. ¶¶ 1-2. Estrada is a customer of Coinbase who resides in Miami. *Id*. ¶ 15.

Estrada alleges that, "in the months leading up to" May 2025, Coinbase customers had been reporting "that individuals posing as Coinbase customer support teams requested their Coinbase wallet passwords and two-factor identification." *Id.* ¶ 21. He claims that he personally received "nine communications," ostensibly from Coinbase, suggesting that someone had logged into his account and "providing a false number for [him] to contact support." *Id.* ¶ 22. According to Estrada, the third parties posed as Coinbase support by sending users "data that could only have been in the possession of Coinbase or their outsourced BPOs." *Id.* ¶ 21.

In a blog post on May 14, 2025, Coinbase made the following announcement: "Cyber criminals bribed and recruited a group of rogue overseas support agents to steal Coinbase data to facilitate social engineering attacks. These insiders abused their access to customer support systems to steal the account data for a small set of customers." *Id.* ¶ 20. Coinbase also noted that the attackers demanded $20 million to conceal the incident, but Coinbase refused the ransom. *Id.* Estrada alleges that, the next day, "he received a notice from Coinbase stating that individuals providing 'overseas support' services 'improperly accessed information related to [his] account." *Id.* ¶ 15. He claims that the threat actors obtained a variety of data from Coinbase customers: "names, addresses, phone numbers, email addresses, social security numbers, bank account numbers, bank account identifiers, government-ID images, and account data." *Id.* ¶ 1.

"Upon information and belief," Estrada alleges that the "rogue overseas support agents . . . worked for [TaskUs's] India based call centers." *Id.* ¶ 6. He grounds this belief on the claim that TaskUs "terminated over 300 employees from its India-based call centers, citing allegations

2

of fraud," in January 2025. *Id.* Estrada also says that "those involved in the termination" have "claimed" that the fraud related to the employees' "work on Coinbase matters." *Id.* Estrada does not identify the people "involved" or the substance of their claims. And he acknowledges that Coinbase receives outsourcing services from companies other than TaskUs. *See id.* ¶ 21.

Estrada brought this action on May 27, 2025, asserting seven claims: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) declaratory and injunctive relief; (vi) violation of the unfair competition laws of "various states"; and (vii) violation of the California Consumer Privacy Act ("CCPA"). *Id.* ¶ 14. He seeks to certify a class of "[a]ll persons in the United States whose PII was compromised in the Data Breach," as well as a similarly defined California subclass. *Id.* ¶¶ 91-92.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The Court need not accept an allegation as true if it amounts to a "legal conclusion[]" or a "formulaic recitation of the elements of a cause of action." *Id.* A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and brackets omitted).

## ARGUMENT

The Court should dismiss all of Estrada's claims because he has not plausibly alleged any connection between the Coinbase breach and TaskUs. In any event, Estrada has failed to state the individual elements of each cause of action.

I.     **Estrada Has Not Plausibly Linked Any Injury To TaskUs.**

All of Estrada's claims require a showing that TaskUs caused his alleged injuries. *See, e.g.*, *Solomon v. City of N.Y.*, 66 N.Y.2d 1026, 1027 (1985) ("To establish a prima facie case of

3

negligence, a plaintiff must demonstrate . . . injury proximately resulting [from the breach of the defendant's duty]."); *Gordon v. Dino de Laurentis Corp.*, 141 A.D.2d 435, 436 (1st Dep't 1988) (dismissing contract claim because plaintiffs did "not demonstrate how the defendant's alleged breach . . . caused plaintiffs any injury"); *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 601 (S.D.N.Y. 2022) (unjust-enrichment claim requires a showing that defendant was enriched "at the plaintiff's expense"); *Scott v. Bell Atl. Corp.*, 282 A.D.2d 180, 183-84 (1st Dep't 2001) (claim under New York's consumer protection law requires a "deceptive or misleading" practice that "injured the plaintiff as a result"). Estrada has not plausibly connected any alleged injury to the conduct of TaskUs, as distinct from Coinbase.

Simply put, Estrada has never had a relationship with TaskUs, and his complaint does not suggest that he did. He never communicated with TaskUs, he never contracted with TaskUs, and he never gave TaskUs any of his data. Yet Estrada alleges, "[u]pon information and belief," that TaskUs was responsible for the Coinbase breach. Compl. ¶ 6. He makes that allegation on the grounds that (i) Coinbase used TaskUs as a vendor (*id.* ¶ 24); and (ii) TaskUs allegedly terminated a number of employees from an India-based call center in January 2025—which, according to the "claims" of some unidentified people, related to "Coinbase matters" (*id.* ¶ 6).

That is as thin as it gets. "[A] mere temporal connection is not sufficient" to establish causation in a data breach case. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1327 (11th Cir. 2012). And the addition of a hearsay allegation—from "those involved in the termination of TaskUs personnel" (Compl. ¶ 6)—does nothing to advance Estrada's claims; it is not meaningfully different from his own assertion about the cause of the Coinbase breach. Meanwhile, Estrada does not allege that TaskUs was mentioned in the notice he received from Coinbase (*id.* ¶¶ 15, 20) or in any of the blog posts or news articles cited in Estrada's complaint (*see, e.g., id.* ¶ 21 n.4, ¶ 28

4

n.6). Estrada also concedes that Coinbase has vendors other than TaskUs, and that stolen data may have been "in the possession of" different "outsourced BPOs." *Id.* ¶ 21.

In light of all this, it is puzzling that TaskUs is the defendant in this action. There have been a number of cases filed against Coinbase in the wake of the data breach, many of which are pending in the MDL before this Court. This is the only case in which TaskUs has been sued. Estrada is apparently the only plaintiff willing to rely on the unfounded logical leaps necessary to surmise that TaskUs—because it fired some employees months before Coinbase's announcement of the breach—must have been responsible. That is not a viable theory.

## II.     Estrada Has Not Alleged The Other Individual Elements Of His Claims.

Setting aside causation, Estrada has not stated the individualized elements of his claims. They should all be dismissed.

### A.     Estrada Has Failed To State A Negligence Claim.

"[T]o establish a prima facie case of negligence, a plaintiff must demonstrate [] a duty owed by the defendant to the plaintiff." *Solomon*, 66 N.Y.2d at 1027. Estrada alleges that TaskUs "owed a duty to Plaintiff and all other Class Members to exercise reasonable care in safeguarding and protecting their PII in its possession, custody, or control." Compl. ¶ 104. Estrada is incorrect for two independent reasons.

First, as discussed above, TaskUs had no relationship with Estrada—making this case similar to *Hammond v. The Bank of New York Mellon Corp.*, 2010 WL 2643307 (S.D.N.Y. June 25, 2010). There, the plaintiffs alleged that criminal actors had stolen tapes from the defendant containing their "names, addresses, Social Security numbers, bank account information, financial data, debit or credit card, checking account numbers and information and/or shareholder account information." *Id.* at *3. "None of the named Plaintiffs had any direct dealings with Defendant." *Id.* at *9. Instead, the "Plaintiffs gave their personal data over to [third-party] entities, which, in turn,

5

forwarded the data to Defendant (which stored the data on the tapes that ultimately were lost)." *Id.* The court therefore held that the plaintiffs could not "establish that Defendant owed them any duty," and dismissed their negligence claim. *Id.* at *10. The exact same analysis applies here.

Second, even if Estrada had entrusted TaskUs with his data, that would not give rise to a duty to safeguard this data from third-party criminal theft. The New York Court of Appeals has been "cautious" about "extending liability to defendants for their failure to control the conduct of others." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232-33 (2001). It has therefore held that "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control." *Id.* at 233. Nothing in the complaint suggests that TaskUs agreed to undertake any *specific* steps to protect data in its possession. And absent such an undertaking, courts have routinely declined to recognize a duty in data breach cases. *See, e.g.*, *In re Supervalu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019) (holding that retailers do not have a duty to their customers "to protect their financial information from hackers"); *Quinalty v. FocusIT LLC*, 2024 WL 342454, at *3 (D. Ariz. Jan. 30, 2024) (rejecting claim that defendant "had a duty to use reasonable means to secure its systems and networks because Defendant undertook the responsibility to maintain and secure [] PII").

### B. Estrada Has Failed To State A Negligence *Per Se* Claim.

In support of his negligence *per se* claim, Estrada alleges that TaskUs violated a duty arising from "Section 5 of the FTC Act." Compl. ¶ 112. This statute cannot serve as the basis for a negligence claim because it lacks a private right of action. *See In re GE/CBPS Data Breach Litig.*, 2021 WL 3406374, at *10 (S.D.N.Y. Aug. 4, 2021) ("The Court agrees with Defendants that Plaintiff's negligence *per se* claim is not viable under New York law because Section 5 [of the FTC Act] does not provide a private right of action; instead, the FTCA confers exclusive enforcement authority on the Federal Trade Commission." (citing *Alfred Dunhill, Ltd. v. Interstate*

6

*Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974)); *see also J.R. v. Walgreens Boots Alliance, Inc.*, 2021 WL 4859603, at *8 (4th Cir. Oct. 19, 2021) (the "authorization of the Federal Trade Commission to enforce its provisions indicates Congress's intent against creating an implied right of action").

### C.   Estrada Has Failed To State A Claim For Breach of Implied Contract.

Estrada alleges, without elaboration, that TaskUs "entered into implied contracts" to "protect [Estrada's] PII and to timely notify [him] in the event of a data breach." Compl. ¶ 118. Not so. "An implied contract, like an express contract, requires consideration [and] mutual assent" (*Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017))—"a 'meeting of the minds' between the parties in question" (*Hammond*, 2010 WL 2643307, at *11). No such assent can occur "where, as here, the parties had no relationship with one another." *Id*.

In fact, even when there *is* some relationship between the parties, courts dismiss implied-contract claims when the plaintiff makes no attempt to identify the source of the alleged terms. Estrada does not allege anything about TaskUs's communications or its conduct that would imply a contract with Coinbase customers. This, too, is dispositive. *See, e.g.*, *Longenecker-Wells v. Benecard Serv. Inc.*, 658 F. App'x 659, 662 (3d Cir. 2016) (allegation that defendant "required Plaintiffs' personal information as a prerequisite to employment . . . did not create a contractual promise to safeguard that information, especially from third party hackers"); *Weekes v. Cohen Cleary P.C.*, 723 F. Supp. 3d 97, 104 (D. Mass. 2024) (dismissing contract claim where neither "party ever discussed the manner of safeguarding [PII] or that plaintiff had a particular concern about disclosing that information").

### D.   Estrada Has Failed To State A Claim For Unjust Enrichment.

"To state a claim for unjust enrichment in New York, a plaintiff must allege that (1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution."

7

*Toretto*, 583 F. Supp. 3d at 601. Estrada alleges that he "conferred a monetary benefit upon TaskUs in the form of *monies paid by Coinbase* for customer support services and in the form of providing them with PII." Compl. ¶ 125 (emphasis added). That is as tenuous as it sounds—the suggestion seems to be that Estrada somehow enriched Coinbase with his PII, which in turn enriched TaskUs by paying for its services. *See, e.g.*, *SuperValu*, 925 F.3d at 966 ("Because Holmes does not allege that any specific portion of his payment went toward data protection, he has not alleged a benefit conferred in exchange for protection of his personal information nor has he shown how SuperValu's retention of his payment would be inequitable."). In reality, Estrada did not "confer[]" anything "upon TaskUs"; the two parties were complete strangers.

In any event, the Court should dismiss Estrada's unjust enrichment claim because it is duplicative of his other claims. "[U]njust enrichment is not a catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2024). "It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Id.* "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Toretto*, 583 F. Supp. 3d at 602. Estrada's enrichment claim is based on the exact same alleged misconduct as his others—that TaskUs "failed to adequately implement [its] data privacy and security procedures." Compl. ¶ 128; *compare id.* ¶ 107 (similar allegation in support of Estrada's negligence claim). The claim adds nothing.

E.     **Estrada Has No Standalone Claim For Declaratory And Injunctive Relief.**

Estrada's fifth claim—for "Declaratory and Injunctive *Relief*"—should be dismissed for reasons apparent from its title. Compl. ¶¶ 130-37 (emphasis added). "The [Declaratory Judgment Act] is procedural only and does not create an independent cause of action." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (citation omitted). "There is no 'injunctive' cause of

8

action under New York or federal law." *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995); *see also Spectre Air Cap., LLC v. WWTAI AirOpCo II DAC*, 737 F. Supp. 3d 195, 211 (S.D.N.Y. 2024) ("injunction is a remedy, not a cause of action"). This standalone "claim" should be dismissed.

### F.     Estrada Has Failed To State A Claim For Unfair Competition.

Estrada's sixth claim is remarkable. He invokes the unfair competition laws "*of all 50 states*," and alleges that TaskUs engaged in "unlawful" and "unfair" "business acts" under the entirety of those laws. Compl. ¶¶ 139-42 (emphasis added). That is not how pleading works, as courts in this District have recognized for decades. *See Robbins v. Banner Indus., Inc.*, 285 F. Supp. 758, 760 (S.D.N.Y. 1966) ("The complaint does not follow the requirements of notice pleading, the averment of a single set of facts while *separately stating in separate counts* the various legal theories upon which recovery is claimed." (emphasis added)).

It is obvious why Estrada did not pick a particular state's law: he cannot state a claim under any of them. Take, for example, California's Unfair Competition Law, which is the only statute cited in this section of his complaint. Compl. ¶ 139. And for the moment, we can set aside that Estrada—a Florida resident—cannot invoke California's UCL. *See Toretto*, 583 F. Supp. 3d at 604. To establish "unlawful" conduct under the UCL, Estrada would have to allege a violation of a separate law, stating "with reasonable particularity the facts supporting the statutory elements of the alleged violation." *LFG Nat'l Cap., LLC v. Gary, Williams, Finney, Lewis, Watson, & Sperando P.L.*, 874 F. Supp. 2d 108, 123 (N.D.N.Y. 2012). Estrada points to California's Customer Records Act, but he fails to allege that he is a customer of TaskUs, defined as "an individual who provides personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business." *Toretto*, 583 F. Supp. 3d at 604. This goes back to the basic problem with Estrada's complaint: he is a customer of Coinbase, not TaskUs.

9

**G.   Estrada Has Failed To State A Claim For Violation Of The California Consumer Privacy Act.**

Estrada's last claim is that TaskUs violated the CCPA by subjecting his "personal information to an unauthorized access and exfiltration, theft, or disclosure as a result of [TaskUs's] violation of the duty to implement and maintain reasonable security procedures." Compl. ¶ 150. This claim fails for both procedural and substantive reasons.

First, "[t]o bring a claim for statutory damages [under the CCPA], a consumer must provide written notice at least 30 days before filing an action," thereby permitting the defendant an opportunity to cure the alleged violation. *In re Canon U.S.A. Data Breach Litig.*, 2022 WL 22248656, at *13 (E.D.N.Y. Mar. 15, 2022). Estrada does not allege that he provided any notice. He is therefore unable to seek damages under the CCPA.

Second, Estrada cannot invoke the CCPA because he is a Florida resident, TaskUs is headquartered in Texas, and Coinbase is based in New York. Compl. ¶¶ 2, 15-16, 18. This case has no connection to California, so the CCPA does not apply. *Toretto*, 583 F. Supp. 2d at 603-04 ("Under California's presumption against extraterritoriality, courts 'presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.'" (quoting *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011))); *Strothers v. Prosper Marketplace, Inc.*, 2024 WL 5661356, at *5 n.6 (N.D. Ga. Oct. 23, 2024) ("Strothers asserts that Prosper may have violated the CCPA, but there is no apparent factual or legal basis for asserting an extraterritorial claim." (quotation marks and citation omitted)), *report and recommendation adopted*, 2024 WL 5662507 (N.D. Ga. Nov. 13, 2024).[1]

---

[1]   The claims of the putative California subclass do not support Estrada's CCPA claim. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) ("The unnamed class

Third, Estrada's complaint does little more than parrot the language of the CCPA. *See* Compl. ¶¶ 144-151. It does not "establish how or why [TaskUs's] systems were inadequate or unreasonable or how or why [TaskUs] knew or should have known its systems were inadequate or unreasonable." *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 45 (D. Ariz. 2021); *see also Maag v. U.S. Bank*, 2021 WL 5605278, at *2 (S.D. Cal. Apr. 8, 2021) (dismissing CCPA claim based on allegations that defendant "did not 'implement and maintain reasonable security procedures and practices'"). At bottom, Estrada's theory is that "because there was a breach, [TaskUs's] data security was inadequate." *Griffey*, 562 F. Supp. 3d at 57. That is not the law.

## CONCLUSION

The Court should dismiss the complaint.

---

members are not technically part of the action until the court has certified the class; therefore, once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim.").

Dated: September 2, 2025

Respectfully submitted,

/s/ *Michael Rayfield*

Michael Rayfield
SHOOK, HARDY & BACON LLP
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
Telephone: (212) 779-6110
mrayfield@shb.com

Matthew C. Wolfe *(pro hac vice)*
Maveric Ray Searle *(pro hac vice)*
Andrew L. Franklin *(pro hac vice)*
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
mwolfe@shb.com
msearle@shb.com
afranklin@shb.com

*Counsel for TaskUs, Inc.*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.1(c), I certify that this brief complies with the word-count limitations set forth by the Court. Apart from the caption, index, tables, signature blocks, and required certificates, this brief is 3,568 words.

/s/ *Michael Rayfield*

Michael Rayfield
SHOOK, HARDY & BACON LLP
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
Telephone: (212) 779-6110
mrayfield@shb.com