UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON ESTRADA, ALLEN JOO, TIBA PARSA, TIM REYNOLDS, CRAIG BURSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TASKUS, INC.; DOES 1-10<br><br>Defendants | Case No. 1:25-cv-04409-ER |

**PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION
TO TASKUS' MOTION TO STAY DISCOVERY**

Carter E. Greenbaum
Casey Olbrantz
**GREENBAUM OLBRANTZ LLP**
255 5th Avenue, Suite C221
New York, New York 10019
Tel: 212-732-6837
Email: carter@greenbaumolbrantz.com
Email: casey@greenbaumolbrantz.com

Edward Normand
Joseph Delich
Jordana Haviv
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th St., Suite 915
New York, NY 10017
Tel: 646-494-2900
Email: tnormand@fnf.law
Email: jdelich@fnf.law
Email : jhaviv@fnf.law

Devin ("Vel") Freedman
Niraj Thakker (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Tel: 788-924-2900
Email: Vel@fnf.law

Tina Wolfson
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
twolfson@ahdootwolfson.com

**INTRODUCTION**

TaskUs provides no "substantial grounds" or "strong showing" to stay discovery—as they must—because the motion to dismiss which they hope will be granted relies on abrogated and out-of-date case law that has been heavily criticized in this District. Moreover, TaskUs cannot identify any prejudice from engaging in discovery now because regardless of the outcome of potential efforts to consolidate this case with the pending Coinbase multidistrict litigation ("MDL"), TaskUs will be obligated to produce documents and engage in the requested discovery. The Federal Rules and this District's precedents make clear that discovery should proceed absent a "strong showing" that the plaintiff's claims are wholly unmeritorious and that continuing discovery would impose an undue burden. TaskUs's motion does neither.

TaskUs's motion rests on the premise that its motion to dismiss "raise[s] dispositive legal questions" that are "colorable" and thus justify a stay. But that misstates the law. Courts in this District require a showing of "substantial grounds" or a "strong showing" that the claims lack merit—not merely that the dismissal arguments are "colorable." *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). TaskUs's motion to dismiss falls well short of that standard. It relies on outdated and abrogated authorities and ignores the overwhelming weight of modern authority imposing duties on vendors and data processors like TaskUs to safeguard consumers' personally identifiable information.

Nor does the existence of the Coinbase MDL justify a stay. TaskUs simultaneously seeks to stay discovery even "in the event of consolidation," making clear that the MDL is simply a pretext for delay. Motion at 4. The procedural jockeying in a separate case—over which this Court retains ultimate coordination authority—does not extinguish Plaintiffs' right to timely discovery here, particularly where TaskUs will be obligated to engage in discovery regardless of the outcome of those procedural issues as a result of TaskUs's central role in the data breach.

The prejudice from a stay would be acute. Plaintiffs seek to depose a former TaskUs employee located in India who personally investigated the breach and whose cooperation is time-sensitive because it cannot be guaranteed in the future. Delaying that deposition risks losing critical testimony that cannot easily be obtained without resort to the Hague Convention. Courts recognize that delaying even the *planning* of such international discovery compounds prejudice. Meanwhile TaskUs will be subject to discovery, either as a third party or as a defendant, regardless of the outcome of the MDL or the motion to dismiss it has filed.

Because TaskUs cannot make the required "strong showing," its motion to stay discovery should be denied.

## **LEGAL STANDARD**

A court may stay discovery only upon a showing of good cause. *See* Fed. R. Civ. P 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c) ("the court may, for good cause, issue an order to protect a party or person from ... undue burden or expense including … forbidding the disclosure or discovery"). "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong.*, 297 F.R.D. at 72. As a result, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913 at *3 (S.D.N.Y 1992).

TaskUs emphasizes that courts consider the "particular circumstances and posture of each case." Motion at 2 (citing *Sharma v. Open Door N.Y. Home Care Servs.*, 345 F.R.D. 565, 568 (S.D.N.Y. 2024). But TaskUs's Motion omits the specific factors courts consider as described in the very case it cites. In *Sharma*, the district court explained, "[i]n evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious;

2

(2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (quoting *Amron v. 3M Minn. Mining & Mfg. Co.*, 2024 WL 262010, at *2 (E.D.N.Y. Jan. 24, 2024). As set forth in further detail below, a consideration of those factors—and others—confirms that a stay of discovery is inappropriate here.

## ARGUMENT

### A. TaskUs Fails to Make the Required "Strong Showing" in Support of a Stay

TaskUs' pending motion to dismiss is not good cause to stay discovery. "Merely because these defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay." *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991). To begin, "[t]he party seeking a stay of discovery bears the burden of showing good cause." *Osan Ltd. v. Accenture LLP,* 2006 WL 1662612 at *3 (E.D.N.Y. June 13, 2006). "This mandate of a showing of good cause is critically important' because of the Court's obligation 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Jakob v. JPMorgan Chase Bank, N.A.*, 2023 WL 2386395, at *1 (E.D.N.Y. Mar. 7, 2023). TaskUs does not come close to meeting its burden.

TaskUs argues that they must only show that their motion to dismiss arguments "are colorable" and do "not appear to be without foundation in law." Motion at 2. As the court in *Hong Leong* explained, "[t]he 'not without foundation in law' standard appears to derive from a remark made in the case of *Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209 (S.D.N.Y. 1991)," but the court "did not apply that standard." *Hong Leong*, 297 F.R.D. at 72. Rather, it held that the motion to dismiss had "substantial grounds" and thus a stay was warranted. *Id.* In *Hong,* the Court explained "we read *Chrysler Capital Corp.* as requiring that a pending motion to dismiss have 'substantial grounds' in order to stay discovery and decline to use the 'not without foundation

3

in law' standard." *Id.* Even TaskUs' own cases acknowledge that they must make a "strong showing" that Plaintiffs' claims are unmeritorious. *Sharma*, 345 F.R.D. at 568.

Far from making a strong showing, TaskUs' motion to dismiss relies on abrogated case law and out-of-date unpublished decisions. TaskUs asserts that its motion "turn[s] on a foundational question: whether TaskUs could have any legal duty to safeguard customers of *Coinbase* from third-party theft." Motion at 2. In its motion to dismiss, TaskUs cites just three data breach decisions in support of that argument. *See* ECF No. 47 (TaskUs Motion to Dismiss). The first—*Hammond v. Bank of N.Y. Mellon Corp.*, 2010 WL 2643307 (S.D.N.Y. 2010)—has been roundly and consistently rejected as out of date. As Judge Wood recently observed, "*Hammond* was decided in 2010 ... Data breach jurisprudence has developed significantly in the last twelve years. Numerous courts applying New York law have denied motions to dismiss negligence claims in data breach cases." *Toretto v. Donnelley Fin. Sols., Inc.* 583 F. Supp. 3d 570, 594 (S.D.N.Y. 2022) (collecting cases). The second—*In re Supervalu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019)—has been abrogated. The court in that case relied entirely on an Illinois Appellate Court decision "that appears to hold that the state does not recognize a duty in tort to safeguard sensitive personal information." *Id.* (citing *Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 943 N.E.2d 23 (Ill. App. Ct. 2010). The Illinois Appellate Court has since recognized that decision was wrong and concluded that a subsequent amendment by the Illinois state legislature in response to that decision imposes "a duty to maintain reasonable security measures [and] the reasoning of the *Cooney* court no longer applies." *Flores v. Aon Corp.*, 2023 Il. App (1st) 230140, 477 Ill. Dec. 110, 242 N.E.3d 340, 353 (Ill. App. Ct. 2023); *see also In re Mondelez Data Breach Litig.*, 2024 WL 2817489 (N.D. Ill. 2024) (recognizing abrogation and imposing common law duty to maintain reasonable security systems). The final data breach case relied on in TaskUs' motion

4

to dismiss—an unpublished decision from Arizona—merely held that the Plaintiffs had not alleged "facts explaining how or why Defendant's data security practices were unfair or deceptive." *Quinalty v. FocusIT LLC*, 2024 WL 342454, at *11 (D. Ariz. Jan. 30, 2024). Given the dearth of case law supporting their position, TaskUs has not demonstrated a "strong showing" that Plaintiffs' claims are unmeritorious.

By contrast, numerous courts have imposed duties on vendors like TaskUs for failing to secure the personal information of consumers—including those with whom such vendors had no direct contractual relationship. *See, e.g. Toretto.* 583 F. Supp. 3d at 594 (citing numerous cases denying motions to dismiss advanced by third party service providers in the data breach context); *In re GE/CBPS Data Breach Litig.*, 2021 WL 3406374, at *2 (S.D.N.Y. Aug. 4, 2021) (employees of General Electric properly alleged negligence claims against General Electric's document management company); *In re Marriott Int'l, Inc.*, 2020 WL 6290670, at *95 (D. Md. Oct. 26, 2020) (Marriott customers properly alleged negligence claims against third party data security provider); *In re Experian Data Breach Litig.*, 2016 WL 7973595, at *1 (C.D. Cal. Dec. 29, 2016) (customers of T-Mobile properly alleged negligence claims under New York law against third party data server owner that contracted with T-Mobile). And while TaskUs' motion argues that it did not specifically undertake "a duty to prevent third-party criminal attacks or to train its employees to do so," the overwhelming weight of authority imposes a common law duty to "take reasonable precautions due to the reasonably foreseeable risk of danger of a data breach incident." *In re Equifax, Inc. Customer Security Breach Litigation*, 362 F. Supp. 3d 1295, 1321-27 (N.D. Ga. 2019); *Brush v. Miami Beach Healthcare Group Ltd.*, 238 F. Supp. 3d 1359, 1365 (S.D. Fla. 2017) ("It is well-established that entities that collect sensitive, private data from consumers and store that data on their networks have a duty to protect that information."); *In re Am. Med. Collection*

*Agency Customer Data Sec. Breach Litig,* 2021 WL 5937742, at *58 (D.N.J. Dec. 16, 2021) (imposing common law duty to maintain adequate data security practices); *In re Moveit Customer Data Sec. Breach Litig.*, 23-md-3083, 2025 WL 2179475, at *78 (D. Mass. July 31, 2025) ("The VCEs do not dispute that when a defendant collects a plaintiff's PII, the defendant takes on a 'duty to protect the plaintiffs from foreseeable harm by taking reasonable precautions to safeguard' their PII.").

### B. TaskUs Identifies No Prejudice From Starting Discovery Now

The breadth of discovery also counsels against imposing a stay. TaskUs would be subject to discovery as a third party even if its motion to dismiss is granted. *See Brawer v. Egan-Jones Ratings Co.,* 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying motion to stay even if the party's dismissal motion was meritorious because she would have remained a key witness and still obligated to produce documents); *Khan v. New York City,* 757 F. Supp. 3d 327 (E.D.N.Y. 2024) ("[T]he Court considers whether discovery would be significantly different if the motion to dismiss is resolved in Defendants' favor."); *Robbins v. Candy Digit. Inc.*, 2025 U.S. Dist. LEXIS 14252 (Jan. 27, 2025) ("As to the burden of discovery, the Court recognized in a previous order in this case that 'certain of the discovery would be obtainable under Rule 45, if not under Rule 34, even if the Fanatics Defendants were not named in the complaint."). Here, regardless of the outcome of TaskUs' motion to dismiss, it would still be subject to discovery either in this proceeding the MDL, or in corresponding arbitration proceedings against Coinbase. TaskUs cannot complain—and indeed their motion does not complain—that discovery would unduly burden them.

### C. Plaintiffs Will Be Prejudiced From A Stay of Discovery

Finally, Plaintiffs would be prejudiced by a stay of discovery. "Delay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness

6

unavailability is high." *Johnson, Next Friend of C.P.S. v. Hamilton Cnty. Gov't*, 2020 WL 6479558, at *3 (E.D. Tenn. Feb. 26, 2020).  Here, there is a significant risk that witnesses may be unavailable or uncooperative at a later time because they reside in India and are thus outside of the subpoena power of this Court.  Plaintiffs seek discovery, including a deposition, of an ex-employee of TaskUs, whose testimony may only be compelled (if at all) through the Hague Convention—a costly and time-consuming process that may not ultimately be successful.  The ex-employee has no incentive to continue cooperating with Plaintiffs.  He is not and has not been compensated for his assistance to date.  The witness has been difficult to reach in the past.  Thus, time is of the essence in deposing the ex-employee now while he remains willing to cooperate.

If he does not cooperate with discovery, Plaintiffs will need to pursue discovery through the Hague Convention (and will likely need to do so regardless).  Serving discovery through the Hague Convention can take up to a year or longer. Plaintiffs will be significantly prejudiced if they cannot even start the international discovery process until after a decision on the motion to dismiss. *See Growcentia, Inc. v. Jemie, B.V.*, 2021 WL 37668, at *6 (D. Colo. Jan. 5, 2021) ("Delaying the commencement of even planning for international discovery simply compounds the potential prejudice to Plaintiff [and] weighs against a stay of discovery."). Meanwhile, Taskus cannot identify any prejudice from proceeding now.

### D. The Coinbase MDL Does Not Provide Cause to Delay Discovery

Finally, the developments in the Coinbase MDL do not provide good cause for a stay of discovery.  To begin, TaskUs makes clear that its motion seeks a stay of discovery both in this case *and* "in the event of consolidation [] in the MDL."  Motion at 4.  Thus, TaskUs' claim that uncertainty as to the outcome of competing leadership applications in the MDL rings hollow where it opposes discovery regardless of the outcome of that uncertainty.

7

Moreover, the pending MDL proceeding counsels *in favor* of discovery, not against it. Regardless of the outcome of the MDL proceeding and potential consolidation with this proceeding, the discovery sought in this case overlaps with the discovery relevant in the MDL. As a result, "judicial economy would not be served by waiting until a decision is made by the MDL Panel [on consolidation] since the written discovery in this case will take many months to complete and such written discovery will be necessary even if the MDL Panel grants Plaintiffs' pending motion for MDL Treatment…" *Carolus v. GE*, 2007 WL 4225802, at *4 (D. Colo. Nov. 28, 2007).

That two "competing groups of firms" have filed applications to lead that MDL does not change the calculus. Regardless of which group of firms is ultimately selected as counsel to lead the MDL, undersigned counsel are uniquely positioned to effectively take the deposition of the ex-employee of TaskUs based on their prior interviews of him. And pursuing discovery will only benefit the class of consumers that both groups of firms seek to represent.

## CONCLUSION

This Court should deny TaskUs' requested stay of discovery pending the resolution of its motion to dismiss.

Dated: November 6, 2025          Respectfully Submitted,

*/s/ Carter E. Greenbaum*
Carter E. Greenbaum
Casey Olbrantz
**GREENBAUM OLBRANTZ LLP**
255 5th Avenue, Suite C221
New York, New York 10019
Tel: 212-732-6837
Email: carter@greenbaumolbrantz.com
Email: casey@greenbaumolbrantz.com

Devin ("Vel") Freedman
Niraj Thakker (pro hac vice forthcoming)
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240

8

Miami, FL 33131
Tel: 788-924-2900
Email: Vel@fnf.law

Edward Normand
Joseph Delich
Jordana Haviv
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th St., Suite 915
New York, NY 10017
Tel: 646-494-2900
Email: tnormand@fnf.law
Email: jdelich@fnf.law
Email : jhaviv@fnf.law

Tina Wolfson
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
twolfson@ahdootwolfson.com

9

**WORD COUNT CERTIFICATION**

I hereby certify that the foregoing brief complies with the word count limitation set forth in Local Civil Rule 7.1(c) of the Southern District of New York. The brief contains 2,529 words, excluding the caption, table of contents, table of authorities, signature block, and any certificate of compliance. This count was determined by the word-processing system used to prepare this document.

Dated: November 6, 2025

                                              Respectfully submitted,

                                              /s/ Carter E. Greenbaum
                                              Carter E. Greenbaum