UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON ESTRADA, ALLEN JOO, TIBA PARSA, TIM REYNOLDS, and CRAIG BURSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TASKUS, INC. and DOES 1-10,<br><br>Defendants. | Case No. 1:25-cv-04409-ER<br><br>Oral argument requested |

**TASKUS, INC.'S REPLY BRIEF IN SUPPORT OF ITS**
<u>**MOTION TO STAY DISCOVERY**</u>

Matthew C. Wolfe (*pro hac vice*)
Maveric Ray Searle (*pro hac vice*)
Andrew L. Franklin (*pro hac vice*)
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
(312) 704-7700
mwolfe@shb.com
msearle@shb.com
afranklin@shb.com

Michael Rayfield
SHOOK, HARDY & BACON LLP
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
(212) 779-6110
mrayfield@shb.com

**INTRODUCTION**

Plaintiffs' opposition brief fails to demonstrate that discovery should begin now. Plaintiffs suggest that TaskUs's motion to dismiss does not raise sufficiently strong arguments to warrant a stay of discovery, but they address only one of several dispositive arguments that TaskUs makes in its motion. Plaintiffs argue that a stay is not warranted by the many uncertainties surrounding the Coinbase MDL (and its relationship to this case), but they do not dispute that the resolution of those issues will have a significant impact on discovery. Plaintiffs say that they will be prejudiced by a delay of discovery because they have a cooperating witness, but they offer no basis to believe that the witness's cooperation is in jeopardy. The Court should stay discovery.

**I.     TaskUs's motion to dismiss raises sufficient arguments to warrant a stay of discovery.**

Courts in this Circuit have routinely held that a stay of discovery is appropriate when a defendant makes "colorable" arguments in a motion to dismiss. *Renois v. WVMF Funding, LLC*, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021); *see also Thomas v. Amazon.com Servs., LLC*, 2024 WL 3706844, at *4 (E.D.N.Y. Apr. 15, 2024) (same); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay appropriate where defendant's motion "does not appear to be without foundation in law"). Plaintiffs do not dispute that TaskUs's arguments *are* colorable. Instead, citing a single case from 2013, they argue that a higher standard should be applied. *See* Opp. at 3-4 (citing *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). *Hong Leong* is in the minority, and the Court should follow the majority (and more recent) cases. *See* Mot. at 2. But in any event, TaskUs satisfies the standard in *Hong Leong* because its motion contains "substantial grounds." 297 F.R.D. at 72.

On the merits, plaintiffs address only TaskUs's argument on the duty element of their two negligence claims—that TaskUs did not owe a duty to plaintiffs because it had no relationship with them. And even on that issue, the most plaintiffs have shown is that there may be a *split* in

1

District authority. *See* Opp. at 4. Plaintiffs also argue that an Eighth Circuit case TaskUs cited was "abrogated" by an Illinois statute. *Id.* That does not change anything about the Eighth Circuit's discussion of the common law, and plaintiffs do not argue that any similar legislative activity has occurred in New York. More broadly, plaintiffs do not attempt to address any of the other potentially dispositive arguments raised in TaskUs's motion to dismiss. They do not so much as suggest that TaskUs has made an insufficient showing on those issues.

II.     **The developments in the Coinbase MDL are good cause for a stay of discovery.**

Both this case and the Coinbase MDL are completely in flux: the MDL plaintiffs have just recently filed an amended complaint that adds TaskUs as a defendant, they have said that they intend to try to consolidate this action with the MDL, and the lawyers in both cases are competing over leadership—with vastly different plans for the claims against TaskUs. Mot. at 3-4. Plaintiffs try to downplay these developments. Opp. at 7-8. But they do not (and cannot reasonably) dispute that the two competing firms may have different approaches, interests, and methods with respect to the discovery that is ultimately sought from TaskUs and other Coinbase vendors.

Plaintiffs argue that "TaskUs's claim that the uncertainty as to the outcome of competing leadership applications in the MDL rings hollow where it opposes discovery regardless of the outcome of that uncertainty." Opp. at 7. Plaintiffs are apparently unfamiliar with the concept of a multi-pronged argument. TaskUs's position is that discovery should be stayed while its motion to dismiss is pending, and the uncertainties about the MDL are an *additional* reason why discovery should not begin in *Estrada*.

III.    **Plaintiffs' brief does not establish that they will suffer any prejudice from a stay.**

Plaintiffs have identified only one form of "prejudice" that they might suffer if discovery does not begin: they want to depose a single "whistleblower" witness who is located in India, and they cannot guarantee that this witness will remain cooperative. Plaintiffs still have not, however,

2

given any indication that the witness actually *will* stop cooperating, let alone that this will happen imminently. Mot. at 4. In other words, they have not shown that this "whistleblower" should be treated differently from any other witness when it comes to the timing of discovery.

Apart from the witness's location, plaintiffs say that the witness might abandon them because he "has no incentive to continue cooperating with Plaintiffs," he "has not been compensated for his assistance to date" (we should hope not), and he "has been "difficult to reach in the past." Opp. at 7. All of these things are true of many—if not most—third-party fact witnesses. This witness apparently has been willing to cooperate with plaintiffs so far, despite the lack of any incentive or compensation. And plaintiffs offer no basis to believe that will end.

Plaintiffs cite a case from Colorado for the proposition that "[d]elaying the commencement of even planning for international discovery simply compounds the potential prejudice to Plaintiff [and] weighs against a stay of discovery." Opp. 7 (quoting *Growcentia, Inc. v. Jemie, B.V.*, 2021 WL 37668, at *2 (D. Colo. Jan. 5, 2021)). If anything, that case supports TaskUs's position. The court did not deny the requested stay based solely on the fact that "international discovery" was involved. The court found that the plaintiff was likely to be prejudiced by a stay because the defendant had "demanded Plaintiff abandon its attempts to trademark [the] product" at issue. *Growcentia*, 2021 WL 37668, at *2. The court then noted that the prejudice to plaintiff would be compounded by the fact that there were "likely witnesses and documents located in the Netherlands and subject to European Union data privacy protections." *Id.* at *2. These factors bear no resemblance to the alleged prejudice here: a delay in the deposition of a single, currently cooperating, witness.

## CONCLUSION

The Court should stay discovery pending the resolution of TaskUs's motion to dismiss.

3

Dated: November 10, 2025                                Respectfully submitted,

/s/ *Maveric Ray Searle*

Michael Rayfield
SHOOK, HARDY & BACON LLP
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
Telephone: (212) 779-6110
mrayfield@shb.com

Matthew C. Wolfe *(pro hac vice)*
Maveric Ray Searle *(pro hac vice)*
Andrew L. Franklin (*pro hac vice*)
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
mwolfe@shb.com
msearle@shb.com
afranklin@shb.com

*Counsel for TaskUs, Inc.*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.1(c), I certify that this brief complies with the word-count limitations set forth by the Court. Apart from the caption, index, tables, signature blocks, and required certificates, this brief is 1,031 words.

/s/ *Maveric Ray Searle*

Maveric Ray Searle
SHOOK, HARDY & BACON LLP
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
msearle@shb.com