UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON ESTRADA, ALLEN JOO, TIBA PARSA, CRAIG BURSON, *and* TIM REYNOLDS, *individually and on behalf of all others similarly situated,*

Plaintiffs,

*– against –*

TASKUS, INC. *and* DOES 1-10,

Defendants.

**OPINION & ORDER**

25-cv-04409 (ER)

Ramos, D.J.:

Nelson Estrada, Allen Joo, Tiba Parsa, Craig Burson, and Tim Reynolds ("Plaintiffs") filed this putative class action against TaskUs for failure to safeguard their personal identifiable information ("PII") due to a data breach. Doc. 36. Plaintiffs are customers of Coinbase, Inc., an American cryptocurrency exchange that hired TaskUs, a business outsourcing company, to provide offshore customer support services. *Id.* ¶¶ 1, 4. Plaintiffs allege that TaskUs employees sold Plaintiffs' PII to criminal actors who then used the information to steal Plaintiffs' cryptocurrencies. Doc. 36.

TaskUs is also a defendant in a multi-district litigation ("MDL") against Coinbase initiated by a group of Coinbase customers. *In Re Coinbase Customer Data Security Breach Litigation*, No. 25-md-03153 (S.D.N.Y. Jan. 15, 2026). The MDL is also pending before this Court. The Court appointed Greenbaum Olbrantz LLP, Freedman Normand Friedland LLP, and Ahdoot & Wolfson PC (the "Greenbaum Group") as interim class counsel in the MDL. *In Re Coinbase Customer Data Security Breach Litigation*, No. 25-md-3153 (ER), 2025 WL 3496322 (S.D.N.Y. Dec. 5, 2025).

Before the Court are the Greenbaum Group's motion to appoint interim class counsel, and TaskUs' motion to stay discovery. Docs. 38, 48. For reasons set forth below, the motion to appoint counsel is GRANTED and the motion to stay discovery is DENIED.

*1. Motion to Appoint Interim Class Counsel*

On September 18, 2025, a motion was filed in this action seeking to appoint the Greenbaum Group as interim class counsel. Doc. 38. This motion is unopposed. For the reasons stated in the Opinion and Order appointing the Greenbaum Group as interim class counsel in the MDL, the Court finds that the group: (1) has done substantial work in identifying and investigating potential claims in this action; (2) possesses sufficient expertise in handling class actions; (3) has sufficient knowledge of the applicable law; and (4) will commit sufficient resources to representing the class. *See In re Coinbase*, 2025 WL 3496322. Therefore, the Greenbaum Group's motion to be appointed interim counsel is GRANTED. *See* Fed. R. Civ. P. 23(g).

*2. Motion to Stay Discovery*

On October 15, 2025, Plaintiffs filed a letter, indicating their intent to commence formal discovery. Doc. 48. They seek to depose a whistleblower and ex-employee of TaskUs to preserve testimony for trial. *Id*. This witness is located in India and thus outside of the subpoena power of the Court. Doc. 50 at 8. Plaintiffs intend to depose the witness now while he or she remains cooperative. *Id*. Otherwise, they argue, the testimony can only be compelled through the Hague Convention, which is a costly and time-consuming process and might not eventually be successful. *Id*. TaskUs opposes the request and moves to stay discovery. Doc. 49. It argues that a stay is warranted because: (1) there is a pending motion to dismiss in this action; (2) the related Coinbase MDL is still in flux, especially because the two groups competing for the interim class counsel position propose different approaches to the instant action and the MDL;

and (3) Plaintiffs fail to provide sufficient evidence demonstrating that they will suffer any prejudice from a stay. *Id*.; Doc. 51. Both (1) and (2) are no longer viable because both motions have been resolved.

Pursuant to Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery "for good cause." *New York by James v. Pennsylvania Higher Education Assistance Agency*, No. 19-cv-9155 (ER), 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020). The Court determines that, at this juncture, TaskUs fails to show good cause for a stay. The Court has issued an Opinion and Order granting TaskUs' motion to dismiss in part and denying it in part. Doc. 61. Because TaskUs does not show good cause for a stay, the motion is DENIED.

The Clerk of Court is respectfully directed to terminate both motions, Docs. 38, 48.

SO ORDERED.

Dated: July 29, 2026
New York, New York

Edgardo Ramos, U.S.D.J.