**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NELSON ESTRADA, ALLEN JOO, TIBA PARSA, CRAIG BURSON, and TIM REYNOLDS, *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>– *against* –<br><br>TASKUS, INC. *and* DOES 1-10,<br>Defendants. | Case No. 1:25-cv-04409 (ER)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, the parties to this Action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("Order"); and

WHEREAS, the Parties agree that the confidential nature of certain information, particularly personally identifiable information and personal financial information, establishes good cause for the issuance of this Order.

THEREFORE, the Parties seek entry of an order, on the terms set forth below, governing the disclosure of documents and information designated as "Confidential" or "Highly Confidential" and the return of privileged information, documents, and data.

Accordingly, it is ORDERED:

1. The below terms, as used herein, shall be defined as follows:

a. "Action" shall refer to *Nelson Estrada et al. v. TaskUs, Inc., et al.,* Case No. 1:25-cv-04409, filed in the United States District Court for the Southern District of New York.

b. "Confidential Information" means information:

i. that may reveal a trade secret or other confidential research, development information, financial information, data security information, network security details and diagrams;

ii. that may reveal confidential, non-public information, the disclosure of which to anyone other than the Permitted Recipients would likely cause harm to the Producing Party, the Person from whom the information was obtained, or the person the information is about;

iii. that contains information that reveals personally identifiable information, or personal or private financial information (collectively "Sensitive Information"); or

iv. any other material that is confidential pursuant to applicable law.

c. "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential" or "Highly Confidential."

d. "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

e. "Highly Confidential Information" shall mean information that a Designating Party identifies as "Highly Confidential." Only information meeting the following criteria may be designated as "Highly Confidential" (unless the parties expressly agree otherwise):

Highly Confidential information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes (1) is nonpublic, (2) would, if disclosed to anyone other than the Permitted Recipients, likely cause harm to the Producing Party, the person from whom the information is obtained, or the person the information is about, and (3) contains:

i. sensitive personal financial information of or about a plaintiff or putative class member;

ii. sensitive technical information, including current research, development and manufacturing information, and patent prosecution information;

iii. sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers;

iv. competitive technical information, including technical analyses or comparisons of competitor's products; or

v. competitive business information, including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning.

f. "Permitted Recipients" means the persons and entities identified in this Order to whom Confidential Information (*infra*, ¶ 6(a)) or Highly Confidential Information (*infra*, ¶ 6(b)) may be disclosed.

g. "Personal identifying information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

h. "Privileged Material" means material protected by the attorney-client privilege or the attorney work product doctrine, or otherwise privileged or protected under applicable law.

i. "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

j. "Protected Material" shall refer to any information designated as "Confidential" or "Highly Confidential" pursuant to this Order.

k. "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

l. "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

2. The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or

compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

3. Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of same. Designations shall be made in the following manner:

a. Protected Material produced in documents shall be marked with the text-searchable designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name or as specified in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b. Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to Counsel within 21 days of receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified. All transcripts of any testimony in this

Action shall be designated as "HIGHLY CONFIDENTIAL" until 21 days have passed following the receipt of the transcript, or the Parties agree to a different designation.

c. Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

d. If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded same. Upon notification, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected Material is treated in accordance with the provisions of this Order from that point forward.

4. If the Receiving Party wants to challenge the designation of information, documents, or data as Protected Material, it must first notify the Designating Party in writing of both the specific Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material. The Receiving Party may then seek relief from this Court, though the burden of proving confidentiality of designated information remains with the party asserting such confidentiality (i.e., the Designating Party). While any dispute over classification is ongoing, the

information, document, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

5. The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action.

6. The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

a. Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

i. the Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii. House Counsel of a party to whom disclosure is reasonably necessary for this litigation;

iii. the parties themselves, including officers, directors, and employees of a party to whom disclosure is reasonably necessary for this litigation;

iv. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

v. the Court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;

vi. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), after the redaction of (or use of an anonymized pseudonym for) the PII, personal financial information, and account information of any plaintiff or putative class member (including, e.g., names of the plaintiff, class member, their family members or other personal affiliates, or their business; addresses; phone numbers; email addresses; account numbers; account usernames; third-party financial institution names);

vii. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

viii. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action;

ix. a mediator jointly retained by the parties and the mediator's personnel;

x. the author or recipient of a document containing the Protected Material;

xi. a custodian or other person who otherwise possessed or reasonably knew the Protected Material;

xii. witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where a party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be asked to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If the witness does not sign the

Acknowledgment and Agreement to Be Bound, the following shall occur before the witness is shown the Protected Material: (1) the witness shall be advised on the record that the Protected Material is governed by this Order, (2) this Order shall be shown to the witness, and (3) the witness shall state on the record, under oath, that they will maintain the confidentiality of the document; and

xiii. such other persons as the Parties mutually agree or the Court orders may be shown the Protected Material.

b. All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited. Unless otherwise ordered by the Court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

i. the Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii. House Counsel of a party to whom disclosure is reasonably necessary for this litigation;

iii. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv. the Court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;

v. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), after the redaction of (or use of an anonymized pseudonym for) the PII, personal financial information, or account information of any plaintiff or putative class member (including, e.g., names of the plaintiff, class member, their family members or other personal affiliates, or their business; addresses; phone numbers; email addresses; account numbers; account usernames; third-party financial institution names);

vi. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

vii. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action;

viii. a mediator jointly retained by the parties and the mediator's personnel;

ix. the author or recipient of a document containing the Protected Material;

x. witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where a party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material, after the redaction of (or use of an anonymized pseudonym for) the PII, personal financial information, or account information of any plaintiff or putative class member (including, e.g., names of the plaintiff, class member, their family members or other personal affiliates, or their business; addresses; phone numbers; email

addresses; account numbers; account usernames; third-party financial institution names). Any witness who is not otherwise subject to the terms of this Order shall be asked to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If the witness does not sign the Acknowledgment and Agreement to Be Bound, the following shall occur before the witness is shown the Protected Material: (1) the witness shall be advised on the record that the Protected Material is governed by this Order, (2) this Order shall be shown to the witness, and (3) the witness shall state on the record, under oath, that they will maintain the confidentiality of the document; and

xi. such other persons as the Parties mutually agree or the Court orders may be shown the Protected Material.

7. If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. Except as provided in this Order, the Parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation (e.g., protected medical or personal information); and (3) highly sensitive information that is both irrelevant and which does not provide context necessary or helpful to understand relevant information, including personally identifiable information and trade secrets. If information is redacted, the page should be stamped, in text-searchable text, with the reason for redaction, i.e., (1) REDACTED PRIVILEGE/WORK PRODUCT, (2) REDACTED FOR NON-DISCLOSURE OBLIGATION, (3) REDACTED AS HIGHLY SENSITIVE AND IRRELEVANT. Nothing in this Order is intended to prevent a party from challenging a redaction.

9. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10. If any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the filing party shall follow this Court's procedures to file documents under seal.

11. Any privileged information, confidential information, or protected information of third parties that is contained within information, documents, or data being disclosed in this Action shall be redacted to the extent practicable or as subject to the provisions concerning redactions in any stipulated protocol on the discovery of electronically stored information the Parties may enter into.

12. The parties will submit a separate proposal regarding the disclosure of Privileged Material pursuant to Federal Rule of Evidence 502(d).

13. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

14. Within 60 days of the termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, counsel for the Receiving Party

is not expected to access and extract any Protected Material from their disaster recovery systems and counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and expert work product, even if such materials contain Protected Material, provided that all PII must be securely destroyed in the next routine destruction cycle after termination of the Action. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. The Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by the other party hereunder, and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

15. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

16. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

STIPULATED on October 16, 2026, by:

/s/ *Andrew L. Franklin*

*Michael Rayfield*
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, NY 10020
(212) 779-6110
mrayfield@shb.com

*Matthew C. Wolfe (pro hac vice)*
*Maveric Ray Searle (pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
(312) 704-7700
mwolfe@shb.com
msearle@shb.com

*Andrew L. Franklin (pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
1800 K Street, N.W., Suite 1000
Washington, D.C. 20006
(202) 783-8400
afranklin@shb.com
***Counsel for Defendant TaskUs, Inc.***

/s/ *Melissa Clark*

*Carter E. Greenbaum*
*Casey Olbrantz*
GREENBAUM OLBRANTZ LLP
255 5th Avenue, Suite C221
New York, New York 10019
Tel: 212-732-6837
carter@greenbaumolbrantz.com
casey@greenbaumolbrantz.com

*Joseph Delich*
*Edward Normand*
*Jordana Haviv*
FREEDMAN NORMAND FRIEDLAND LLP
155 E. 44th St., Suite 915
New York, NY 10017
Tel: 646-494-2900
jdelich@fnf.law
tnormand@fnf.law
jhaviv@fnf.law

*Devin ("Vel") Freedman*
*Niraj Thakker (pro hac vice)*
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Tel: 786-924-2900
Vel@fnf.law
nthakker@fnf.law

*Tina Wolfson*
AHDOOT & WOLFSON, PC
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
twolfson@ahdootwolfson.com

*Melissa Clark*
AHDOOT & WOLFSON, PC
521 5th Avenue, 17th Floor
New York, NY 10175
Tel: (917) 336-0171
mclark@ahdootwolfson.com
***Counsel for Plaintiffs and the Putative Class***

**SO ORDERED.**

Dated: October 19, 2026
New York, New York

Hon. Edgardo Ramos
United States District Judge

**EXHIBIT A**

| | |
|---|---|
| NELSON ESTRADA, ALLEN JOO, TIBA PARSA, CRAIG BURSON, and TIM REYNOLDS, *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>*– against –*<br><br>TASKUS, INC. *and* DOES 1-10,<br>Defendants. | Case No. 1:25-cv-04409 (ER)<br><br>**STIPULATED PROTECTIVE ORDER** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order, dated ________________ in the above captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of Court.

Name: ________________________________________

Address: ________________________________________

________________________________________

________________________________________

[Please complete the following if the information is received in your business capacity or in your role as an employee.]

Job Title: ______________________________________________

Employer: ______________________________________________

Business Address: ______________________________________________

______________________________________________

______________________________________________

Date:____________________________ ________________________________

Signature